IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NEW YORK

CASE NUMBER:  06-CV-0683-ARCARA

SUNLIGHT SOLUTIONS, LLC
1630 Military Road
Niagara Falls, NY 14304

     Plaintiff,

Vs.

HOWARD BIRNBAUM
T/A HOMEGROWN HYDROPONICS
19141 Seneca Avenue
Weston, Florida 33332

     Defendant.
_____/

## DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S RESPONSE TO MOTION TO DISMISS AND TO ABATE TIME FOR REPLY

Defendant, Howard Birnbaum T/A Homegrown Hydronponics, by and through undersigned counsel hereby moves to strike the plaintiff's response to the defendant's motion to dismiss [DE-12-13].  The response violates the page limit requirements (25 pages) of Local Rule 7.1(f), in that it is 28 pages in length.  The response also violates the font requirement (12-point) of Local Rule 10, in that it uses an 11-point font.

The defendant is prejudiced, because the violation of the page limit and font requirements allows the plaintiff to not only bring in new matters which are not responsive to the relevant motion, but to inextricably intertwine those new matters with the relevant responsive arguments.  Moreover, plaintiff's response interposes statements that are immaterial, *ad hominem*, and wholly unrelated to the issues of personal jurisdiction and venue which are before the Court.  Under these circumstances, a cogent

reply is not possible, judicial economy is not served, and the procedural vehicle of a responsive memorandum is abused.

**WHEREFORE**, defendant, Howard Birnbaum T/A Homegrown Hydronponics, prays that the Court strike the plaintiff's response and, either, decide the motion to dismiss against the plaintiff in accordance with the case authority, or, in the alternative, require the plaintiff to re-file a rule-compliant response. Should the court not forego the need for a reply by deciding the motion against the plaintiff, the defendant requests that the reply deadline be abated until such a time as the plaintiff files a rule-compliant response.

## MEMORANDUM OF LAW

Failure to comply with Western District of New York Local Rules 7.1(e) and (f) is grounds for resolving the motion against the non-complying party. Green v. Morse, U.S. Dist. LEXIS 52085 (W.D.N.Y. May 26, 2006); Cassidy v. Nicolo, 2005 U.S. Dist. LEXIS 34160 (W.D.N.Y. Dec. 7, 2005). The Court may otherwise exercise discretion to disregard the non-compliant portion of the memorandum. Ikon Office Solutions v. Leichtnam, U.S. Dist. LEXIS 1469 (W.D.N.Y. Jan 3, 2003).

In addition to serving a memorandum of excess length without leave of court and manipulating the font to circumvent the Local Rules, plaintiff's prolix memorandum, together with the attached exhibits, renders substantive argument relating to the merits of its case. While it is established that a court may consider matters outside the pleadings when considering motions to dismiss based on lack of jurisdiction, Land v. Dolar, 330 U.S. 731, 735 n.4 (1941), plaintiff's response memorandum interposes, for the first time,

substantive allegations[1] which are essentially proposed amendments to the pleadings, and its narrative frequently meanders far afield from a defense in opposition to defendant's Rule 12(b)(2) and (3) attack on personal jurisdiction and venue. The introduction of allegations, an affidavit and exhibits for substantive, rather than jurisdictional, purposes, is prejudicial to defendant if defendant is not accorded an opportunity to respond with corresponding supporting documents and an attack on the merits of plaintiff's underlying substantive case, which would then be convertible into a Rule 56 motion for summary judgment. In this regard, defendant would state that judicial economy would be best served by striking plaintiff's response memorandum and requiring plaintiff to amend its complaint to independently plead the new allegations, which would in turn provide defendant with more appropriate and more cogent notice of the allegations that he is called upon to defend.

**WHEREFORE,** defendant, Howard Birnbaum T/A Homegrown Hydronponics, respectfully requests that this Court enter an Order

(a) resolving defendant's Motion to Dismiss in its favor as a result of plaintiff's local rule violations; or, in the alternative

(b) striking Plaintiff's Response to Defendant's Motion to Dismiss and ordering that plaintiff re-file a response which is compliant with the local rules and which is restricted in scope to matters which have been pled or are germane to an analysis of personal jurisdictional or venue;

---

[1] *E.g.*, the allegation that defendant appropriate plaintiff's copyrighted image of a blossoming seed [DE–12, at p. 2] is nowhere pled in plaintiff's Complaint.

3

(c) abating the time for defendant to file a reply memorandum until a reasonable time after plaintiff's rule-compliant re-filing; and

(d) granting such other and further relief as it deems just and proper.

                                                        Respectfully submitted,

                                                        /s/ Howard Levine
                                                  HOWARD LEVINE, ESQ
                                                  Fla. Bar No. 0075670
                                                  HlevineEsq@aol.com
                                                  Attorney *pro hac vice* for Birnbaum
                                                  420 Espanola Way
                                                  Miami Beach, Florida 33139
                                                  Tel:    (305) 534-0403
                                                  Fax:   (305) 672-5305

Designation of Local Counsel/Office:

Jason Housel, Esq.
houselj@rgcattys.com
RELIN, GOLDSTEIN AND CRANE, LLP
28 East Main Street Suite 1800
Rochester, New York 14614
Tel:   (585) 325-6202
Fax:  (585) 325-6201

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on May 16, 2007, I electronically filed a true and correct copy of the foregoing with the Clerk of the District Court using its CM/ECF system, which would then electronically notify the following CM/ECF participants on this case:

1. James Lorin Silverberg, Esq., The Intellectual Property Group, PLLC, Attorneys for Plaintiff, 3600 Clipper Mill Road, Suite 278, Baltimore, Maryland 21211; and

5

2.  Jason Housel, Esq., RELIN, GOLDSTEIN AND CRANE, LLP, 28 East Main Street, Suite 1800, Rochester, New York 14614

I HEREBY CERTIFY that I have mailed via United States Post Office a true and correct copy of the foregoing to the following non-CM/ECF participants on this case:

1.  Leslie Mark Greenbaum, Esq., Gross Shuman Brizdle & Gilfillan, 465 Main Street, Buffalo, NY 14203.

                                        /s/ Howard Levine
                                        HOWARD LEVINE, ESQ