UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

Sunlight Solutions, LLC.,

                Plaintiff,

                                                Hon. Hugh B. Scott

                v.                                  06CV683A

                                                **Order**

Howard Birnbaum,
T/A Homegrown Hydroponics,

                Defendants.

_____

      Before the Court are the following motions: the defendants' motion to strike the plaintiff's responding papers (Docket No. 14); the defendants' motion for clarification (Docket No. 17); and the plaintiff's motion to file a sur-reply (Docket No. 20).

**Background**

      The plaintiff, Sunlight Solutions, LLC ("Sunlight") initiated this action asserting copyright infringement claims against the defendants, Howard Birnbaum T/A Homegrown Hydroponics ("Birnbaum"). Sunlight asserts it is the sole owner of a copyright to a certain "Retail Store Image, Vau 671-786 " (hereafter referred to as the "Storefront Image"). Sunlight claims that Birnbaum used Sunlight's Storefront Image on Birnbaum's web cite. The plaintiff

also alleges that it is the owner of trademarks "Sunlight Solutions," "Sunlight Sheds," "Caddy," and "Cool Cab." Sunlight claims that Birnbaum impermissibly used these protected trademarks in advertising Birnbaum's products. Sunlight seeks relief and damages under 17 U.S.C. §§ 503, 504, 505, 1202 and 1203 and other federal statutes.

The defendants moved to dismiss the complaint alleging a lack of jurisdiction. (Docket No. 6), asserting that the complaint does not assert a basis to find that the Court has personal jurisdiction over Birnbaum pursuant to either §301 or §302 of the New York Civil Practice Law and Rules ("CPLR"). Further, the defendants assert that venue is not proper in the Western District of New York under 28 U.S.C. §1406. In response, the plaintiff filed a 28-page response which uses a 11-point font and includes several substantial double-spaced footnotes. (Docket No. 12). The defendants seek to strike the document because it violates Rules 7.1 and 10 of the Local Rules for the Western District of New York which set a 25-page limit and require a 12-point font. The defendant alleges that these violations allowed the plaintiff to include immaterial and *ad hominem* arguments. (Docket No. 14).

The motion to strike is denied. Although the plaintiff did not request or obtain permission to exceed the page and font limitations set by the local rules, the plaintiff's response does not greatly exceed those limitations. The plaintiff notes that the response, as filed, inadvertently used a Times Roman "bold" font, instead of the "regular" font, and that this artificially lengthened the response. The plaintiff asserts that by resetting the font to its regular setting at 12-point, the response would only have been 26 pages. The plaintiff further asserts that by reformatting the footnotes, the entire response would have fit in less than 25-pages. (Docket No. 15 at ¶ 3-4). The plaintiff includes a 23-page response which reflects these changes.

(Attachment to Docket No. 15).

The defendants filed a motion for clarification as to whether the plaintiff's response to the motion to dismiss was instead to be considered an "amended complaint." (Docket No. 17 at page 2). The plaintiff filed a response to the motion for clarification stating that the response is, in fact, a response and not an amended complaint. (Docket No. 18). The defendants do not state what Federal Rule of Civil Procedure serves as the basis for its "motion for clarification." In any event, the motion is denied.

The defendant has filed a document entitled a "Reply to Plaintiff's Response to Defendants' Motion for Clarification" (Docket No. 19). The plaintiff has filed a document entitled "Plaintiff's Motion for Leave to File a Sur-Reply and Proposed Sur-Reply" (Docket No. 20), which appears to respond to substantive arguments relating to the motion to dismiss set forth in the defendants' "Motion for Clarification" and defendants' "Reply to Plaintiff's Response to Defendants' Motion for Clarification." The Court will allow the filing in this instance, but hereby advises both parties that such extenuated motion filings will not be considered in the future.

So Ordered.

                                    /s/ *Hugh B. Scott*
                                  United States Magistrate Judge
                                  Western District of New York

Buffalo, New York
February 21, 2008